UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 3:09cr231 (JBA) |
| *v.* | |
| RICHARD ROWELL | May 27, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On April 29, 2010, Defendant Richard Rowell was convicted of possession with intent to distribute and distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  He was sentenced [Doc. # 133] on September 8, 2010 to 130 months' imprisonment.  He now moves [Doc. # 166], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence.  For the following reasons, his motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence.  Upon such motion, "a district court must engage in a 'two-step approach.'"  *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).  "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'"  *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)).  "At step two,

'§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Rowell contends, and the Government agrees [Doc. # 168], that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. The Probation Office and the Government agree that applying the Amendment to Mr. Rowell yields an amended sentencing range of 92 to 115 months' imprisonment.[2] In light of the fact that Mr. Rowell has not committed any disciplinary infractions while incarcerated, the Government does not oppose a reduction in Mr. Rowell's sentence.

The Court additionally notes that Mr. Rowell appears to have used his time in prison productively. His most recent Bureau of Prisons Progress Report, dated December

---

[1] These factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) the need to provide restitution to any victims of the offense.

[2] The prior range was 110 to 115 months' imprisonment.

14, 2014 documents that he has earned his GED in prison and taken courses in resume writing, personal growth, marketing, management, business law, and accounting, among other subjects.  (2d Amend. 782 Addendum to PSR [Doc. # 163].)  In addition, Mr. Rowell actively participates in the BOP's 500-hour residential drug treatment program and has earned various certificates for completing rehabilitation and vocational programs.  (*See* Attachments [Doc. # 167] to Mot. to Reduce Sentence.)

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Rowell's sentence to 92 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons.   U.S.S.G. Amendment 782 (policy statement).  Because Mr. Rowell's original sentence was at the bottom of the applicable guideline range, his term of imprisonment will be reduced to the bottom of the revised guideline range, 92 months.

For the foregoing reasons, Mr. Rowell's Motion [Doc. # 166] for Reduction in Sentence is GRANTED, his Motion [Doc. # 160] to Reduce Sentence is DENIED as moot, and, effective November 1, 2015,[3] his term of imprisonment is reduced to 92 months. All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of May, 2015.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the order is November 1, 2015, or later." However, an application note explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment (n.6).